Jack A. Raisner[1]
René S. Roupinian[2]
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.: (212) 245-1000

and

James D. Wood, Cal. St. Bar. No. 106936
OFFICES OF JAMES D. WOOD ATTORNEY AT LAW
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
Tel.: (925) 284-9663
Fax.: (925) 283-9663
E-mail: jdw@jdwoodlaw.com

Attorneys for Plaintiff STEPHANIE LANGLEY, on behalf
of herself and all others similarly situated

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HOWREY LLP,<br><br>    Debtor. | Case No. 11-31376-DM<br><br>(Involuntary Chapter 7) |
| STEPHANIE LANGLEY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>HOWREY LLP<br><br>    Defendant. | Adv. No. _____<br><br>**CLASS ACTION COMPLAINT<br>VIOLATION OF WARN ACT** |

---

[1] and [2] Not admitted to the Bar of the U.S. District Court N.D. Calif. Applications for admission *pro hac vice* to be filed.

Plaintiff STEPHANIE LANGLEY ("Plaintiff") alleges on behalf of herself and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. On or about March 31, 2011, defendant HOWREY LLP ("Defendant" or "Howrey") ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days advance written notice under the 29 U.S.C. § 2101 *et seq.* (the "WARN Act") to its employees. At or about the time of the aforementioned terminations, Defendant terminated approximately between 50-75 other similarly situated employees at the 2941 Fairview Park, Falls Church, Virginia Facility, more than 200 employees at its Washington, D.C. headquarters and more than 300 additional employees nationwide (the "other similarly situated former employees").

2. A petition for involuntary relief under Chapter 7 of the Bankruptcy Code was filed against Defendant with the U.S. Bankruptcy Court for the N.D. of California thereby commencing the above-captioned Bankruptcy case (the "Bankruptcy Case") on April 11, 2011. No order for relief has been granted in the Bankruptcy Case. No trustee has been appointed in the Bankruptcy Case. The Bankruptcy Case has neither been closed nor dismissed and is open and pending.

3. The Plaintiff brings this action on behalf of herself, and approximately 600 other similarly-situated former employees who were terminated in mass layoffs or plant closings from Defendant's facilities on or about March 31, 2011, and in the months thereafter. These employees were not provided 60 days advance written notice of their terminations by Defendant, as required by the WARN Act.

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendant. Plaintiff's claims, are entitled to first

priority administrative expense status pursuant to 11 U.S.C. (the "Bankruptcy Code") § 503(b)(1)(A), or in the alternative are entitled to a priority claim under Bankruptcy Code § 507(a)(4) and (5).

5. Plaintiff filed an action alleging similar facts and seeking similar relief to this adversary proceeding on April 5, 2011 in United States District Court for the Southern District of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5) and Bankruptcy Local Rule 5011-1(b) (order of reference to U.S. Bankruptcy Court N.D. California).

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

8. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and Bankruptcy Code §1409.

## THE PARTIES

*Plaintiff*

9. Plaintiff Stephanie Langley was employed by Defendant as a records specialist, and worked at its facility located at 2941 Fairview Park, Falls Church, Virginia (the "Falls Church Facility") until her termination on or about March 31, 2011.

*Defendant*

10. Upon information and belief at all relevant times, Defendant maintained and operated its business at the Falls Church, Virginia Facility and maintained and operated additional facilities, as that term is defined by the WARN Act (collectively the "Facilities").

11. Upon information and belief and at all relevant times, Defendant Howrey was a limited liability partnership with its principal place of business located at the 1299 Pennsylvania Ave. NW Washington, D.C. Facility and conducted business in this district.

## WARN ACT CLASS ALLEGATIONS

12. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on her own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), made applicable pursuant to Federal Rules of Bankruptcy Procedure 7023, who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about March 31, 2011, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about March 31, 2011, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

13. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

14. The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendant.

15. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendant.

16. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

        (c)       whether Defendant's unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

17. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about March 31, 2011, or within 30 days of that date, due to the mass layoffs and/or plant closings ordered by Defendant.

18. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

19. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) made applicable to this adversary proceeding by Fed R. Bankr. P. 7023 because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

20. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

21. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

# CLAIMS FOR RELIEF

# WARN ACT CLAIM FOR RELIEF

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

24. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

25. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

26. On or about March 31, 2011, the Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

27. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

28. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

29. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

Case: 11-03065   Doc# 1   Filed: 04/12/11   Entered: 04/12/11 16:26:16   Page 6 of 8

30. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

31. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

32. The Plaintiff is, and each of the Class Members is, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

33. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

34. Because the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after commencement of the bankruptcy case and which arose as the result of the Debtor's violation of federal laws, Plaintiff's and the Class Members' claims against Defendant are entitled to first priority administrative expense status pursuant to Bankruptcy Code § 503(b)(l)(A).

35. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

    A.    Certification of this action as a class action; and

    B.    Designation of the Plaintiff as a Class Representative; and

    C.    Appointment of the undersigned attorneys as Class Counsel; and

D. A first priority administrative expense claim pursuant to Bankruptcy Code § 503(b)(1)(A) in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, or, alternatively, determining that the first $11,725 of the WARN Act claims of the Plaintiff and each of the other similarly situated former employees is entitled to priority status, under Bankruptcy Code § 507(a)(4) and (5), and the remainder is a general unsecured claim; and

E. An allowed administrative-expense priority claim under Bankruptcy Code § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: April 12, 2011

/s/ James D. Wood
_____
James D. Wood, Attorney at Law

and

Jack A. Raisner
René S. Roupinian
OUTTEN & GOLDEN LLP

Attorneys for Plaintiff, STEPHANIE LANGLEY and the putative class

DraftComplaintJDW20110412_02.DOCX 4/12/11 JDW